FILED
JUL 1 6 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER WILKERSON, III,            )   No. C 11-1342 LHK (PR)
                                  )
        Plaintiff,                )   ORDER PROVIDING
                                  )   PLAINTIFF NOTICE AND
    v.                            )   WARNING; SCHEDULING
                                  )   SUPPLEMENTAL BRIEFING
WARDEN RANDY GROUNDS, et al.,     )
                                  )
        Defendants.               )
_____)

Plaintiff, a California prisoner pro se, filed this civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment. Pursuant to *Woods v. Carey*, No. 09-15548, slip op. 7871, 7884-85 (9th Cir. July 6, 2012), Plaintiff must read the following "NOTICE -- WARNING (SUMMARY JUDGMENT)," which is provided to him for a second time pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

### NOTICE -- WARNING
### (SUMMARY JUDGMENT)

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

1  Generally, summary judgment must be granted when there is no genuine issue of material fact –
2  that is, if there is no real dispute about any fact that would affect the result of your case, the party
3  who asked for summary judgment is entitled to judgment as a matter of law, which will end your
4  case. When a party you are suing makes a motion for summary judgment that is properly
5  supported by declarations (or other sworn testimony), you cannot simply rely on what your
6  complaint says. Instead, you must set out specific facts in declarations, depositions, answers to
7  interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts
8  shown in the Defendants' declarations and documents and show that there is a genuine issue of
9  material fact for trial. If you do not submit your own evidence in opposition, summary
10 judgment, if appropriate, may be entered against you. If summary judgment is granted, your
11 case will be dismissed and there will be no trial.
12     Although Plaintiff has already filed an opposition, in light of *Woods*, Plaintiff may file a
13 supplemental opposition within 14 days of the filing date of order. Defendants shall file a
14 supplemental reply to any supplemental opposition within 7 days thereafter.
15     IT IS SO ORDERED.
16 DATED: 7/16/12

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER WILKERSON III, | Case Number: CV11-01342 LHK |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| RANDY GROUNDS et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Walter Wilkerson J-55431
Correctional Training Facility-Central
P.O. Box 689
Soledad, CA 93960

Dated: July 16, 2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk