IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER WILKERSON, III,<br><br>    Plaintiff,<br><br>  vs.<br><br>WARDEN RANDY GROUNDS, CHIEF ENGINEER R. JIMENEZ, and N. CHAN,<br><br>    Defendants. | No. C 11-1342 LHK (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff, currently incarcerated at Correctional Training Facility - Central, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants were deliberately indifferent to his safety.[1] Defendants have filed a motion for summary judgment. Plaintiff has filed an opposition and supporting papers, and Defendants have filed a reply. Plaintiff then filed an unauthorized response to Defendants' reply. On July 16, 2012, the Court provided Plaintiff an opportunity to file a supplemental opposition pursuant to *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Plaintiff filed a supplemental opposition, and Defendants filed a supplemental reply. For the reasons discussed below, this Court grants Defendants' motion for summary judgment.

---

[1] On August 28, 2012, Plaintiff filed a motion to amend his complaint to dismiss Defendant Warden Randy Grounds. That motion is GRANTED. Defendant Warden Randy Grounds is DISMISSED.

Order Granting Defendants' Motion for Summary Judgment
G:\PRO-SE\SJ.LHK\CR.11\Wilkerson342msj.wpd

## BACKGROUND[2]

On February 5, 2009, Plaintiff went to the medical clinic for physical therapy to treat his right knee after a recent surgery. (Compl. at 3.) The medical staff instructed Plaintiff to sit and wait on one of the two benches in front of the clinic. (*Id.*; Pl. Depo. at 31.) Plaintiff complied. (Compl. at 3.) Plaintiff was the first to sit on the bench. As he waited, approximately 15-25 more people sat down with him, who were also waiting to be seen at the medical clinic. (Pl. Depo. at 39-40, 51-52.) After about ten minutes, the bench began to shake, and then it collapsed. (Compl. at 3, Pl. Depo. at 51.) Plaintiff and several other inmates fell to the floor. (Compl. at 3.) As a result, Plaintiff was injured and suffered great pain in his right knee and lower back. (*Id.*)

The bench that Plaintiff sat upon was approximately 8 feet long, and originally installed in front of the medical clinic in April 2008. (Decl. Jimenez at ¶ 4.) When installed, the bench was reinforced by replacing some wooden planks because they were not properly attached. (*Id.*) The bench was then bolted to an extension stud that was drilled directly into the wall, thereby securing the bench to the wall. (*Id.*) Because of the wall's thickness, it was expected to support great weight on the bench, even though this particular bench did not have legs. (*Id.*)

After the bench collapsed on February 5, 2009, Defendant R. Jimenez ("Jimenez") ordered that it be repaired by installing legs to the bench, as well as re-bracketing the bench to the wall. (*Id.* at ¶ 14.) Defendant N. Chan ("Chan") is the maintenance mechanic who was called to repair the bench after it broke. (Decl. Chan at ¶ 4.)

## DISCUSSION

I.   Standard of Review

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

---

[2] The following facts are viewed in the light most favorable to the Plaintiff, and are undisputed unless otherwise indicated.

verdict for the nonmoving party. *See id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

II.     Analysis

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by physical conditions at the prison. *See Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is objectively, sufficiently serious; and (2) the prison official is subjectively, deliberately indifferent to inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner need not wait until he is actually injured to state a claim and obtain relief. *See id.* at 845. If the Court finds the Eighth Amendment's objective and subjective requirements are met, it may grant appropriate relief. *See id.* at 845-46.

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. *See, e.g.*, *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation

1  yard for a period of nine months, including toilets that did not work, sinks that were rusted and
2  stagnant pools of water infested with insects, and a lack of cold water even though the
3  temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional
4  prison conditions). "The more basic the need, the shorter the time it can be withheld." *Hoptowit*
5  *v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

6  In regard to the subjective component of the analysis, a prison official cannot be held
7  liable under the Eighth Amendment for denying an inmate humane conditions of confinement
8  unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an
9  excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837.  The official must both
10 be aware of facts from which the inference could be drawn that a substantial risk of serious harm
11 exists, and he must also draw the inference. *See id.*  However, a claimant need not show that a
12 prison official acted or failed to act believing that harm actually would befall the inmate; it is
13 enough that the official acted or failed to act despite his knowledge of a substantial risk of
14 serious harm. *See id.* at 842; *see also Robins v. Meecham*, 60 F.3d 1436, 1439-40 (9th Cir.
15 1995).  This is a question of fact. *Farmer*, 511 U.S. at 842.

16 In the instant case, Plaintiff is entitled to relief under the Eighth Amendment if he can
17 show: (1) the condition of the bench was objectively, sufficiently serious; and (2) Defendants
18 Jimenez and Chan were subjectively, deliberately indifferent to Plaintiff's safety. *See Farmer*,
19 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

20 Viewing the evidence in the light most favorable to Plaintiff, Plaintiff concedes that he
21 believed the maintenance department was surprised that 15-25 people could sit together on the
22 bench. (Pl. Depo. at 65.)  Plaintiff appears to argue that because the bench fell, it must not have
23 been installed properly. (*Id.* at 62, 75, 77-78.)  Plaintiff asserts that Defendants "should have
24 anticipated" that a large number of inmates would sit on the bench, and should have posted a
25 weight limit on the adjacent wall. (Opp. at 3.)

26 Notably, Plaintiff does not suggest that Jimenez or Chan knew about, or disregarded, an
27 excessive risk to Plaintiff's safety. *See Farmer*, 511 U.S. at 837.  The absence of any evidence
28 to support such an inference is fatal to Plaintiff's claim.  Even if Jimenez and Chan should have

anticipated the possibility of too many inmates sitting on the bench, or should have realized that the bench might have a maximum weight limit, the relevant question is whether they had actual knowledge. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002) (noting that, for purposes of establishing deliberate indifference, "if a person should have been aware of the [excessive] risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk."). Indeed, the evidence is undisputed that prior to February 5, 2009, Jimenez and Chan were unaware that the bench posed any risk of collapsing, or that it needed any kind of repair. (Decl. Jimenez at ¶¶ 7-8; Decl. Chan at ¶ 7.) Plaintiff's claim is, at most, one of negligence rather than one of deliberate indifference. *See Farmer*, 511 U.S. at 835-36 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference requires more than negligence). Because there is an absence of evidence that either Jimenez or Chan was aware of any facts from which an inference could be drawn that the condition of the bench posed a substantial risk of serious harm, *see Farmer*, 511 U.S. at 837, Plaintiff has not demonstrated that there is a genuine issue of material fact as to whether Defendants were deliberately indifferent. Thus, Defendants are entitled to summary judgment.

Alternatively, Defendants also argue that they are entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must determine: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right, and (2) whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). The Court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Id.*

The qualified immunity inquiry is separate from the constitutional inquiry for a claim of deliberate indifference under the Eighth Amendment. *Estate of Ford v. Caden*, 301 F.3d 1043, 1053 (9th Cir. 2002). For a qualified immunity analysis, the Court need not determine whether

Order Granting Defendants' Motion for Summary Judgment
G:\PRO-SE\SJ.LHK\CR.11\Wilkerson342msj.wpd                    5

the facts alleged show that Defendants acted with deliberate indifference. *See Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996). Rather, the focus of review is the objective requirement. *Id.* at 937. The Court need only review the relevant law to determine whether, in light of clearly established principles at the time of the incident, the officials could have reasonably believed their conduct was lawful. *See id.*

Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement. *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." *Id.* For example, a prisoner's bare complaint about a slippery floor, without more, does not state an arguable claim for cruel and unusual punishment. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

In *Osolinski*, a prisoner brought a § 1983 action claiming that the failure of prison officials to repair an oven, the door of which fell off and burned his arm, violated the Eighth Amendment. *Id.* at 935. The record showed that maintenance requests for fixing the oven door had been submitted for over seven months, but no repairs occurred. *Id.* In its qualified immunity analysis, the Ninth Circuit did not reach the issue of whether the facts alleged showed that the prison officials acted with deliberate indifference. *Id.* at 937. Instead, the court determined whether, in light of clearly established principles at the time of the incident, the officials could have believed their conduct was lawful. *Id.* The Ninth Circuit found that it was not "clearly established that a single defective device, without any other conditions contributing to the threat to an inmates' safety, created an objectively insufficiently inhumane condition to be violative of the Eighth Amendment." *Id.* at 938; *see, e.g.*, *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985) (affirming a finding of an Eighth Amendment violation when there were "serious safety hazards" combined with the exacerbating condition of bad lighting).

Here, Plaintiff's claim involves one single, allegedly defective device. He does not allege any other additional prison condition that contributed to the alleged danger. Further, there is no evidence of any request for maintenance or repair of the bench. Nor is there evidence of any complaints about the condition of the bench prior to its collapse. In addition, several other

1  benches throughout the facility had been installed and secured in the same manner as the bench
2  that collapsed, i.e., by being bolted to the wall, and none ever fell during the previous ten years.
3  (Decl. Jimenez at ¶¶ 6-7.) The Court concludes that a reasonable prison official could have
4  believed that the failure to repair an allegedly faulty bench or to warn inmates of the bench's
5  weight limit did not violate the Eighth Amendment. In light of established principles at the time
6  of the incident, Defendants are entitled to qualified immunity because reasonable prison officials
7  could believe their conduct was lawful.

## CONCLUSION

9  Defendants' motion for summary judgment is GRANTED. Judgment shall be entered in
10 favor of Defendants. The Clerk shall terminate all pending motions and close the file.
11 IT IS SO ORDERED.
12 Dated: ___9/10/12___                        _____
                                                LUCY H. KOH
13                                              United States District Judge